## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

# 16-381
## SECT. I   MAG. 3

__RON PETERSON #112050__
Petitioner's Name, Prisoner Number

VS.

__STATE OF LOUISIANA__
Respondent (Person having custody of Petitioner)

Docket Number

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY.

1. The name and address of your Present place of confinement:

    Louisiana State Prison, Angola, Louisiana.

2. Are you presently in custody pursuant to the conviction(s) or sentence that you seek to challenge here?  Yes __X__    No ____

3. With regard to the conviction(s) or sentence you are attacking state:

    a. The name, address, and parish of the court entering the judgment of conviction:

       Twenty-Second Judicial District Court, 701 North Columbia St. Covington, La. 70433.

    b. The date of judgment of conviction: __August 16, 2011__

    c. The length of your sentence: __Ninety-nine years__

    d. The nature of each offense you were convicted of: __Second felony offender. (Habitual offender)__

    e. Whether you were convicted of each offense following a plea of:

       I.   Not guilty __X__

       ii.  Guilty ____

       iii. Nolo contendere ____

TENDERED FOR FILING

JAN 13 2016

U.S. DISTRICT COURT
Eastern District of Louisiana

__ Fee _paid_
__ Process_____
__X Dktd_____
__ CtRmDep_____
__ Doc. No._____

If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: _____

_____

f.   If you pleaded not guilty, what kind of trial did you have? (Check one)

I.   Jury _____

ii.  Judge only __X (Habitual Offender Adjudication)__

g.   Did you testify at trial?      Yes _____      No __X__

4.   Statute of Limitations

28 U.S.C. § 2244(d) establishes a 1-year statute of limitations for an application for a writ of habeas corpus. Is this application barred by this 1-year period of limitation?

Yes _____ No __X__. If not, state why not? _On direct appeal the Louisiana Supreme Court granted Petitioner's writ and remanded to the Cour ot Appeals to decide the issue of excessive sentence. (State v. Peterson 2012 KO 1620 (La. 2013). On remand the Court of Appeal reaffirmed its findings and sentence. (State v. Peterson 2011KA 2292-R (1st Cir. 9/16/13). On September 1, 2014 Petitioner filed a application for post-conviction relief of which the state filed a answer on 9/26/2014. The application was denied by a state judge October 8, 2014, by the appeal court January 12, 2015, and finally the Louisiana Supreme Court November 6, 2015. All state court filings were done well within thirty days of denial._

5.   Grounds for Present Petition

State _concisely_ each and every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. You may attach pages stating additional grounds and facts supporting same.

WARNING: Absent exceptional circumstances, if you fail to set forth all grounds in this petition, you will be barred from presenting additional grounds at a later date. See 28 U.S.C. § 2244.

a.   Ground one:  _The multiple offender proceeding was in violation of the double jeopardy clause of the Fifth Amendment because the state used a already enhanced felony._

_____

Supporting FACTS (state briefly without citing cases or law). _A already enhanced felony cannot  be further enhanced in a multiple offender proceeding. The state_

legislature provided a enhanced penalty within **La. R.S. 14:43.1,** which is the sexual battery statute.  If the victim had not been under the age of thirteen, the maximum sentence a defendant could receive was ten years. But under the enhancement provision of this stateue, Petitioner received a seventy-five year sentence.

_____

_____

_____

b.    Ground two:  Petitioner was denied effective assistance of counsel as guaranteed by the Sixth Amendment of the U.S. Constitution. _____

_____

Supporting FACTS (state briefly without citing cases or law). Defense counsel should have objected and brought it to the court's attention that an already enhanced penalty for sexual battery could not be used as one of the offenses in a multiple offender proceeding to further enhance the penalty. Counsel was ineffective for not bringing this issue to the forefront. _____

_____

_____

_____

c.    Ground three: _____

_____

_____

Supporting FACTS (state briefly without citing cases or law) _____

_____

_____

_____

_____

_____

_____

d.    Ground four: _____

_____

_____

Supporting FACTS (state briefly without citing cases or law) _____

_____

_____

_____

_____

_____


6.   Direct Appeals

a.   Did you file a direct appeal from your judgment of conviction or sentence?

Yes __X__   No _____

b.   If you did file a direct appeal, from your initial appeal, answer the following:

   i.   The name and address of the court where you first appealed:

   The First Circuit Court of Appeals, 1600 North 3rd Street, Baton Rouge

   Louisiana 70821 _____

   _____

   ii.   The result of this appeal.

   Conviction and sentence was affirmed. _____

   _____

   iii.   The date of the decision _June 8, 2012_____

   iv.   The citation and/or docket number of the decision (if known).

   State v. Peterson, 2011 KA 2292 _____

   v.   Grounds raised in your present habeas petition that were raised in this direct

   appeal.

   None _____

   _____

   _____

c.   If you sought review of your appeal by a higher court, answer the following:

   i.   The name and address of the court where you next applied for review:

   Louisiana Supreme Court, 400 Royal Street, Suite 4200, _____

New Orleans, La. 70130

    ii.    The result of this appeal.

        Granted writs and remanded to the Court of Appeal to decide the issue of excessive sentence on the merits.

    iii.    The date of the decision.   March 2, 2013

    iv.    The citation and/or docket number of the decision (if known).

        State v. Peterson 2012 KO 1620 (La. 2013)

    v.    The grounds raised in your present habeas petition that were raised in this earlier application for review:

        None

d.    If you filed a petition for certiorari in the U.S. Supreme Court, please answer the following with respect to each such petition:

    i.    The result.

    ii.    The date of the result.

    iii.    The citation and/or docket number (if known).

    iv.    The grounds raised in your present habeas petition that were raised in this earlier appeal.

7.    Post-Conviction or other Collateral Review

    a.    Other than the direct appeals described above, have you previously filed any petitions, applications, or motions with respect to your judgment of conviction or sentence in the state court?   Yes   X      No ____

    b.    If so, give the following information with regard to the first petition, application, or motion you filed:

        i.    The name and address of the court. Twenty-Second Judicial District Court,  701

North Columbia Street, Covington, La. 70433.

ii.    The nature of the proceeding.  Post-Conviction Application

iii.   The date it was filed.   September 15, 2014

iv.    The grounds raised in your present habeas petition that were raised.

None

v.     Did you receive an evidentiary hearing?     Yes _____    No __X__

vi.    The result.   Denied October 8, 2014

vii.   Did you appeal or file an application for review to higher state courts having jurisdiction? Yes __X__     No _____

viii.  If not, briefly explain why you did not. _____

ix.    If so, name the court(s) to which you applied, the date of the final result in each court, and the result in each court:   First Circuit Court of Appeals, denied January 12, 2015; Louisiana Supreme Court, denied November 6, 2015.

c.   If you filed a second petition, application, or motion, give the following information with regard to that filing:

i.    The name and address of the court._____

ii.   The nature of the proceeding. _____

 iii.  The date it was filed._____

 iv.  The grounds raised in your present habeas petition that were raised.

      _____

      _____

      _____

 v.  Did you receive an evidentiary hearing?  Yes _____  No _____

 vi.  The result. _____

      _____

 vii.  Did you appeal or file an application for review to higher state courts having jurisdiction? Yes _____  No _____

 viii.  If not, briefly explain why you did not. _____

      _____

      _____

 ix.  If so, name the court(s) to which you applied, the date of the final result in each court, and the result in each court: _____

      _____

      _____

      _____

      _____

8.  Exhaustion of State Remedies

  Generally, any ground that you seek to present here must have first been presented to the state courts. See 28 U.S.C. § 2254(b). Attach copies of previous petitions, applications, or motions filed with the state courts where you presented each of the grounds listed in Part 5. If any of the grounds listed in Part 5 above have not been previously presented to the highest state court that has the power to consider it, state briefly what grounds were not so presented, and give your reasons for not presenting them:

_____

_____

_____

_____

9. Prior Federal Habeas Petitions

 a.  Have you filed any other petition in any federal court where you sought to attack the same

conviction(s) or sentence you are challenging here? Yes _____   No __X__

b.    If so, give the following information:

    I.    The name and address of the court where it was filed. _____

       _____

    ii.    Docket number. _____

    iii.    The grounds raised. _____

       _____

       _____

       _____

10.    Other Pending Actions

a.    Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment you are attempting to attack here? Yes _____   No __X__

b.    If so, give the following information:

    i.    The name and address of the court where it was filed. _____

       _____

    ii.    The docket number of the action. _____

    iii.    The nature of the proceeding. _____

       _____

11.    Attorneys Representing Petitioner

Give the name and address of each attorney who represented you in the following stages of the judgment attacked herein:

a.    At the preliminary hearing. _Peter E. Ierardi, IV, 1340 Poydras Street, Ste. 700, New Orleans, La. 70112._

b.    At the arraignment and plea. _Same as above_

c.    At trial. _Same as above_

d.    At sentencing. _Same as above_

e.    On appeal. _Lieu T. Vo Clark, 300 Louisiana Ave. Baton Rouge,, La. 70802_

f.    In any post-conviction proceeding.  None _____

_____

g.    On appeal from any adverse ruling in a post-conviction proceeding.  None _____

_____

12.    Other Sentences

a.    Where you sentenced for more than one offense in the same court and at the same time?

Yes _____    No __X__

b.    Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack? Yes _____    No __X__

    i.    If so, give the name and location of the court which imposed the sentence to be served in the future. _____

_____

    ii.    Give the date and length of the said sentence. _____

_____

    iii.    Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future? Yes _____  No _____

Wherefore, Petitioner prays the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____

Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___January, 6, 2016_____.

(Date)

*Ron Peterson*

_____

Signature of Petitioner

# IN THE
# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

### NUMBER

### RON PETERSON,
*Petitioner-Appellant*

### VERSUS

### STATE OF LOUISIANA,
*Respondent-Appellee*

MEMORANDUM IN SUPPORT OF
WRIT OF HABEAS CORPUS

28 U.S.C. SECTION 2254

TENDERED FOR FILING

JAN 13 2016

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

Respectfully submitted:

*Ron Peterson*

Ron Peterson #112050
Camp J, Bass
Louisiana State Prison
Angola, LA 70712

# INDEX

Pages

Index . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

Statement of Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . .  iii

Issue Presented for Review . . . . . . . . . . . . . . . . . . . . . . .  iv

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . .  1

Statement of the Facts . . . . . . . . . . . . . . . . . . . . . . . . .  2

Summary of the Arguments . . . . . . . . . . . . . . . . . . . . . . . .  2

Petitioner's conviction and sentence is in violation of the double jeopardy clause of the Fifth Amendment. The state district court determined that the disposition of this issue rested on a adequate and independent state procedural bar. Petitioner now argues that the procedural bar is not adequate, and demonstrates that it's not followed on a consistent basis.

Error No. 1:

The multiple offender proceeding was in violation of the double jeopardy clause of the Fifth Amendment because the state used a already enhanced felony.  . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

Error No. 2:

Petitioner was denied effective assistance of counsel which is guaranteed by the Sixth Amendment of the U.S. Constitution.
  . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

i

Exhibit No. "1"      State's Answer to Post Conviction
Exhibit No. "2"      Ruling on Post Conviction
Exhibit No. "3"      Supreme Court's Ruling on Post Conviction

## STATEMENT OF JURISDICTION

Ron Peterson, the petitioner, is seeking justice in accordance to well established

Federal Law, and hopes that this writ shall be accepted by the court in good faith. This

court has jurisdiction over this matter by virtue of 28 U.S.C § 2254.

## ISSUES PRESENTED FOR REVIEW

I.   THE STATE COURT'S APPLICATION OF THE PROCEDURAL BAR, PREVENTING A MERITS DETERMINATION, IS INADEQUATE BECAUSE IT'S NOT APPLIED ON A CONSISTENT BASIS.

II.  IT IS A DOUBLE JEOPARDY VIOLATION TO USE A ALREADY ENHANCED FELONY IN A MULTIPLE OFFENDER PROCEEDING.

III. PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHICH IS GUARANTEED BY THE SIXTH AMENDMENT OF THE U.S. CONSTITUTION.

# IN THE
# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA


**RON PETERSON,**
　　　　*Petitioner*

**VERSUS**

**STATE OF LOUISIANA,**
　　　　*Respondent*

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**CIVIL ACTION NO._____**

**FILED: _____**

TENDERED FOR FILING

JAN 13 2016

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

## STATEMENT OF THE CASE

A. <u>THE COURSE OF THE PROCEEDINGS AND DISPOSITION IN THE COURTS BELOW</u>:

The petitioner, Ron Peterson, was charged by bill of information with sexual battery, a violation of **LSA-R.S. 14:43.1.** He entered a plea of not guilty. After a trial by jury he was found guilty as charged. Thereafter he was sentenced to seventy-five years in prison. He was then adjudicated as being a second felony offender and sentenced to a term of ninety-nine years. On appeal the First Circuit Court of Appeals upheld the conviction and sentence on June 8, 2012; Docket No. 2011 KA 2292.

Writs were sought in the Louisiana Supreme Court. Said writ was granted on March 2, 2013, remanding the case to the First Circuit Court of Appeals with orders to decide the issue of excessive sentence on the merits. The court had previously

1

refused to address the claim based on procedural grounds. *State v. Peterson*, 2012

KO 1620 (La. 2013).

On remand, the First Circuit Court of Appeal reaffirmed its findings on the sentence and reaffirmed the conviction and sentence. *State v. Peterson*, 2011 KA 2292-R (1st Cir. 9/16/13). Petitioner brings before this court two assignment of errors which were rejected in state courts on procedural grounds.

B.   STATEMENT OF THE FACTS

The Petitioner's girlfriend would drop her two kids off at his house to watch while she went to work. One day during to summer of 2010 when M.H. was ten years old, she and her brother were at Petitioner's house. At some point, while they were watching a movie, while the Petitioner was fully clothed, he took M.H.'s hand and placed it on his penis. Petitioner's penis was never exposed, the touching was on top of his clothing.

**SUMMARY OF THE ARGUMENTS**

Ron Peterson had already been convicted ans sentenced under the enhanced provision of the sexual battery statute; therefore it was error for the state court to use the same conviction to further enhance his sentence in a multiple offender proceeding. Defense counsel should have objected to the use of the sexual battery conviction in the multiple offender proceeding. When these claims were timely and properly presented

in a state post conviction application, the state said that the law does not permit a defendant to raise this type of claim on post conviction and procedurally barred it. But Louisiana jurisprudence has permitted other defendants to raise claims regarding the legality of their multiple offender adjudication. As a matter of fact, Louisiana jurisprudence disputes the state court's ruling. Therefore the state's procedural was not adequate because it's not applied on a consistent basis.

### *Inadequate Procedural Bar*

In numerous cases Louisiana state courts have held that although claims regarding the multiple offender adjudication weren't specifically enumerated as a exclusive ground for post conviction relief, they could be raised in a post conviction application. This is not the first time a district court refused to address a claim regarding a multiple offender adjudication. In one of these procedural rejections a state appeal court ruled, "the supreme court regularly hears post conviction claims leveled at multiple offender adjudications." *State v. Youngblood*, 647 So.2d 1388, 1389 (La.App.2 Cir. 12/22/94). Also see *State ex rel. Porter v. Butler*, 573 So.2d 1106 (la. 1991); *State v. Martin*, 427 So.2d 1182 (La. 1983); *State ex rel. Wilson v. Maggio*, 422 So.2d 1121(La. 1982).

Sometimes a district court will procedurally bar a claim leveled at the multiple offender adjudication, and sometimes they won't. For a procedural bar to be applied

on a 'sometime' basis does not provide a adequate basis for a procedural bar.

**ERROR NO. 1:** <u>The multiple offender proceeding was in violation of the double jeopardy clause of the Fifth Amendment because the state used a already enhanced felony.</u>

Ron Peterson, after having been found guilty of violating **La. R.S. 14:43.1**, sexual battery, on a victim under the age of thirteen, was sentenced in accordance to the enhancement provision of that same statute. Because the victim was under thirteen, he received a seventy-five year sentence. If he had not been sentenced under the enhancement provision, the maximum penalty would have been ten years. Thereafter, the state used this same conviction in a multiple offender proceeding and further enhanced the sentence. The sentence was increased from seventy-five to ninety-nine years. This was a double enhancement which is prohibited by law. This double enhancement rendered the entire adjudication fundamentally unfair and a due process violation.

Since Petitioner's penalty has already been enhanced under a criminal provision, it could not be further enhanced under a multiple offender statute.

In determining whether the imposition of multiple punishments in a single proceeding violates the double jeopardy clause, it is necessary to ascertain whether the legislative branch intended the punishment imposed. *Missouri v. Hunter*, 459 U.S. 359, 365-369, 103 S.Ct. 673, 678-679, 74 L.Ed.2d 535 (1983). "The legislature may

4

impose whatever punishments it sees fit for any combination of crimes subject only to the limitations of the eighth amendment." *Davis v. Herring*, 800 F.2d 513, 516 (5th Cir. 1986).

Louisiana state courts have already determined that the legislature did not intend for a already enhanced felony to be further enhanced in a multiple offender proceeding. See *State v. Sanders*, 337 So.2d 1131 (La. 1976); *State v. Cox*, 344 So.2d 1024 (La. 1977); *State v. Harrelson*, 590 So.2d 1240 (La.App. 1 Cir. 1991).

**La. R.S. 14:43.1** did not previously have a enhanced sentence for offenders committing the crime of sexual battery with juveniles under the age of thirteen. Prior to the amendment, the sentencing range was imprisonment, with or without hard labor, for not more than ten years. The statute criminalizing sexual battery was amended in 2006 to add the following provision:

C. (2) Whoever commits the crime of sexual battery on a victim under the age of thirteen years when the offender is seventeen years of age or older shall be punished by imprisonment at hard labor for not less than twenty-five years nor more than life imprisonment. At least twenty-five years of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence.

Two years later, the statute was again amended, substituting "life imprisonment" with "ninety-nine years". See Acts 2006, No. 103, § 1 and Acts 2008, No. 33, § 1,

5

respectively. So as it stands, under the enhancement provision of the sexual battery statute, a defendant can receive up to ninety-nine years.

Since the state legislature provided a enhanced penalty within the statute itself, and gave no indication that a multiple billing procedure was to remain available as a vehicle for further enlargement of the penalty, it was error to further enhance it under the multiple offender statute. These actions rendered the entire multiple offender adjudication fundamentally unfair.

**ERROR NO. 2:** Petitioner was denied effective assistance of counsel as guaranteed by the Sixth Amendment of the U.S. Constitution.

Defense counsel should have objected and brought it to the court's attention that an already enhanced penalty for sexual battery could not be used as one of the offenses in a multiple offender proceeding to further enhance the penalty. Counsel was ineffective for not bringing this issue to the forefront.

The standard of review applicable to claims of ineffective assistance of counsel has been set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). The Court articulated a two prong test for determining the competency of counsel. First, it must be shown that counsel's performance was deficient, and second, that counsel's deficient performance prejudiced the defense such that there is a reasonable probability a different result would have been reached at trial. *United States v. Lewis*, 786 F.2d 1278, 1281 (5th

6

Cir. 1986).

In *Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993), the court further clarified the Strickland prejudice inquiry and stated that the court must also determine "whether counsel's deficient performance caused the outcome to be unreliable or the proceeding to be fundamentally unfair." The Supreme Court explained that "unreliability or unfairness does not result in the ineffectiveness of counsel if it does not deprive the defendant of any substantive or procedural right to which the law entitles him."

In regards to this issue, defense counsel had Louisiana Supreme and appellate court precedence to back him up. Yet he did nothing and allowed this issue to remain silent. In both *Sanders* and *Cox*, The Louisiana Supreme Court has held that an already enhanced penalty under a criminal provision cannot be used in a multiple offender proceeding to further enhance the penalty. The issue was pretty much fundamental, and should have been raised. If there is a "reasonable probability" that the result of the proceeding would have been different absent counsel's deficient act, then there is a Sixth Amendment violation.

For the reasons and legal arguments stated within this petition, Petitioner has demonstrated that he was prejudiced by counsel's failure to object.

## CONCLUSION

The state's use of the procedural bar in this particular case is inadequate because it's not consistently followed. Louisiana courts have ruled that a habitual offender adjudication can be challenged in a post conviction application. Therefore, the court abused their discretion by ruling it wasn't a proper ground for relief.

The law regarding the use of a felony whose penalty has already been enhanced in a multiple offender proceeding has been made quiet clear. It is a double jeopardy violation to do so. Ron Peterson's adjudication as a second offender under **R.S. La. 15:529.1** was fundamentally unfair.

Respectfully submitted:

*Ron Peterson*

Ron Peterson #112050
Camp J, Bass
Louisiana State Prison
Angola, LA 70712

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing application was this date served upon Dale E. Branch, Assistant District Attorney of St. Tammany Parish, 905 Pearl Street, Franklinton, Louisiana 70438, by placing a copy of the same in the United States Mail.

Angola, Louisiana, this _6th_ day of January, 2016

*Ron Peterson*

Ron Peterson #112050

FILED

SEP 2 6 2014

STATE OF LOUISIANA          NO. 503203
                            MALISE PRIETO-CLERK
                            Deputy Clerk
VS.                         22ND JUDICIAL DISTRICT

RON MATHEWER PETERSON          PARISH OF ST. TAMMANY


### DISTRICT ATTORNEY'S ANSWER TO
### PETITION FOR POST CONVICTION RELIEF


NOW INTO COURT, Through the undersigned Assistant District Attorney,

comes: BURL CAIN, (Warden), and for answer to the application for post conviction

relief filed by the defendant herein with respect represents that:


### STATEMENT OF THE CASE

This defendant was convicted of a violation of R.S.14:43.1, sexual battery. He

was found guilty after a jury trial in St. Tammany Parish. He was initially sentenced to

seventy-five years in prison and following a multiple offender hearing, he was

adjudicated a second felony habitual offender and sentenced to ninety-nine years DOC.

He appealed to the First Circuit Court of Appeal and that court by judgment

rendered June 8, 2012 affirmed the conviction and sentence. The only issue in that case

was the length of his sentence which he alleged to be excessive. (State vs. Peterson 2011

2011 KA 2292.)

He sought writs to the Supreme Court and that court by order dated March 2,

2003 granted writs and remanded to the Court of Appeal to decide the issue of excessive

sentence on the merits because the court had decided that claim on procedural grounds.

(State vs. Peterson 2012 KO 1620 (La.2013).

On remand, the Court of Appeal reaffirmed its finding on the sentence and

reaffirmed the conviction and sentence. State vs. Peterson 2011 KA 2292-R (1st Cir. Ct.

1

Ap 9/16/13).   The defendant now files this petition for post conviction relief which alleges two grounds.  These claims will be answered in the order presented.

## RESPONSE TO CLAIM I

The defendant alleges that the statute under which he was convicted provided an internal enhancement because of the victim's age and therefore cannot be enhanced further under the habitual offender law.   C.Cr.P.Art.930.3 does not provide the basis for review for claims of excessive sentence or any other sentencing error after the conviction. State vs. ex del Melinie vs. State, 93-1380 (La.1/12/96) 665 So.2d 1172.

A challenge to a habitual offender adjudication is not a proper ground for post conviction relief.  State vs. Hebreard, 98-0385 (La.Ap.4th Cr. 3/25/98), 708 So.2d 1291. The defendant cites the cases of State vs. Harrelson, 590 So.2d 1240 (La.Ap.1st Cr. 1991); State vs. Sanders 337 So.2d 1131 (La.1976); State vs. Cox 344 So.2d 1024 (La. 1977).  The Harrelson case deals  with the obscenity statute which has a self enhancement feature for a first, second or third offense.  The other cases involve the same type statutes.

The sexual battery statute does not have multiple offenses but does have multiple crime definitions based on the age of the victim.  14:43.1 C2 defines a crime where the victim is less than thirteen years old as was this case.  The statute does not have anything to do with multiple or repeat offenses.  The state submits that this is also a repetitive claim since it could have been raised in the Court of Appeal but wasn't.

## RESPONSE TO CLAIM II

The defendant claims ineffective assistance of counsel based on an alleged failure to object to the habitual offender proceeding based on the same grounds as discussed above.  Since those grounds have no merit, the ineffective assistance claim also has no merit.

2

CONCLUSION

For the reasons cited above, this claim can be decided without a hearing and should be dismissed.

Respectfully submitted,

WALTER P. REED

DISTRICT ATTORNEY
by:

DALE E. BRANCH
ASSISTANT DISTRICT ATTORNEY
905 PEARL STREET
FRANKLINTON, LA 70438
1/985/839-6711
1/985/839-7860 (Fax)
BAR ROLL NO. 3390

STATE OF LOUISIANA                    NO.  503203

VS.                                   22ND JUDICIAL DISTRICT

RON MATHEWER PETERSON            PARISH OF ST. TAMMANY


CERTIFICATE


I CERTIFY THAT THE FOREGOING ANSWER WAS SERVED ON Ron

Mathewer Peterson #112050, Camp J. Bass, Louisiana State Penitentiary, Angola, LA

70712 by placing a copy of same in the United States mail postage prepaid addressed to

him.

September _26th_, 2014



_____
Dale E. Branch
Assistant District Attorney

STATE OF LOUISIANA

VERSUS

RON PETERSON

NUMBER: 503203  DIVISION "A"

22ND JUDICIAL DISTRICT COURT

PARISH OF ST. TAMMANY

STATE OF LOUISIANA

STATE OF LOUISIANA
FILED: October 8, 2014

STATE OF LOUISIANA
DEPUTY CLERK: _Peat, Neal_

## ORDER DISMISSING APPLICATION FOR POST- CONVICTION RELIEF

The defendant, Ron Peterson, was found guilty of sexual battery, a violation of La. R.S. 14:43.1. He was found guilty in a trial by jury, and was sentenced to seventy five years at hard labor with the first twenty five years  to be served without benefit . His motion for reconsideration was denied. Thereafter, a multiple bill was filed, and after hearing, he was adjudicated to be a habitual offender. His previous sentence was vacated and he was re-sentenced to ninety nine years at hard labor. He appealed, and after reconsideration, his conviction, habitual offender adjudication , and sentence were affirmed by the First Circuit on September 16, 2013 (2011 KA 2292).  On September 18, 2014, petitioner filed his application for Post Conviction Relief.

After considering the application filed on September 18, 2014, by petitioner, the District Attorney's answer to the petition, and the entire record of this matter,

IT IS ORDERED that the Application for Post Conviction Relief shall be denied as  and  failing to state a claim  pursuant to C. Cr. P. Art. 930.3.

IT IS FURTHER ORDERED that the Clerk of Court of the Parish of St. Tammany give notice of this Order to the District Attorney for the Parish of St. Tammany , to the Petitioner's custodian, and the Petitioner by mail.

Covington, Louisiana, this ___8___ Day of October, 2014.

RAYMOND S.  CHILDRESS
JUDGE, DIVISION "A"

# The Supreme Court of the State of Louisiana

STATE EX REL. RON PETERSON

VS.

STATE OF LOUISIANA

NO.  2015-KH-0183

— — — — — —

IN RE:  Ron Peterson; - Plaintiff; Applying For Supervisory and/or Remedial Writs, Parish of St. Tammany,  22nd Judicial District Court Div. A, No. 503203; to the Court of Appeal, First Circuit, No. 2014 KW 1645;

— — — — — —

**November 6, 2015**

Denied.  See per curiam.

JTK

JLW

GGG

MRC

SJC

HUGHES, J.,  recused.

Supreme Court of Louisiana
November 6,2015

_Carmen B. Young_
Deputy        Clerk of Court
              For the Court

## SUPREME COURT OF LOUISIANA

### No. 15-KH-0183

### STATE EX REL. RON PETERSON

v.

### STATE OF LOUISIANA

**On Supervisory and/or Remedial Writs from the
22nd Judicial District Court, Parish of St. Tammany**

**PER CURIAM:**

JTK
BY
STC

Denied. Relator's claims are not cognizable on collateral review. <u>See</u> La.C.Cr.P. art. 930.3; <u>State ex rel. Melinie v. State</u>, 93-1380 (La. 1/12/96), 665 So.2d 1172; <u>see also State v. Cotton</u>, 09-2397 (La. 10/15/10), 45 So.3d 1030; <u>State v. Thomas</u>, 08-2912, (La. 10/16/09), 19 So.3d 466.

Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, <u>see</u> 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended La.C.Cr.P. art. 930.4 to make the procedural bars against successive filings mandatory. Relator's claims have now been fully litigated in state collateral proceedings in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless relator can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.

RON PETERSON #112050
CAMP J, BASS
LOUISIANA STATE PRISON
ANGOLA, LA 70712

CAMP J

LORETTA G. WHYTE, CLERK
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
500 POYDRAS STREET
NEW ORLEANS, LA 70130

70130335726

U.S. POSTAGE >> PITNEY BOWES

ZIP 70712 $ 002.08°
02 1W
0001392783 JAN 11 2016

2.08

RON PETERSON #112050
CAMP J, BASS
LOUISIANA STATE PRISON
ANGOLA, LA 70712

LORETTA G. WHYTE, CLERK
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
500 POYDRAS STREET
NEW ORLEANS, LA 70130