UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RON PETERSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-381** |
| **STATE OF LOUISIANA** | **SECTION: "I"(3)** |

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Ron Peterson, is a state court prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.  On July 19, 2011, he was convicted of sexual battery under Louisiana law.[1]  On August 16, 2011, he was found to be a second offender and was sentenced as such to a term of ninety-nine years imprisonment.[2]  On June 8, 2012, the Louisiana First Circuit Court of Appeal affirmed his conviction, habitual offender adjudication, and sentence;[3] however,

---

[1] State Rec., Vol. 2 of 4, transcript of July 19, 2011; State Rec., Vol. 1 of 4, minute entry dated July 19, 2011.
[2] State Rec., Vol. 2 of 4, transcript of August 16, 2011; State Rec., Vol. 1 of 4, minute entry dated August 16, 2011.
[3] State v. Peterson, No. 2011 KA 2292, 2012 WL 2089512 (La. App. 1st Cir. June 8, 2012); State Rec., Vol. 2 of 4.

the Louisiana Supreme Court subsequently granted his related writ application and remanded the matter to the Court of Appeal for consideration of his excessive sentence claim.[4] On September 16, 2013, the Louisiana First Circuit Court of Appeal then again affirmed his conviction, habitual offender adjudication, and sentence.[5] He did not seek further direct review.

On September 15, 2014, petitioner filed an application for post-conviction relief with the state district court.[6] That application was denied on October 8, 2014.[7] His related writ applications were then likewise denied by the Louisiana First Circuit Court of Appeal on January 12, 2015,[8] and by the Louisiana Supreme Court on November 6, 2015.[9]

On or after January 6, 2016, petitioner filed the instant federal application for habeas corpus relief.[10] The state has filed a response arguing that the application is untimely.[11] The state is correct.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner is generally required to bring his Section 2254 claims within one (1) year of the date on which his

---

[4] State v. Peterson, 108 So.3d 781 (La. 2013); State Rec., Vol. 2 of 4.
[5] State v. Peterson, No. 2011 KA 2292-R, 2013 WL 5230721 (La. App. 1st Cir. Sept. 16, 2013); State Rec., Vol. 2 of 4.
[6] State Rec., Vol. 3 of 4. Federal habeas courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). The date on which that occurred with respect to petitioner's post-conviction application is not apparent from the record. Out of an abundance of caution, the undersigned will consider the date on which petitioner signed the application as the filing date, in that the application obviously could not have been placed in the prison mailing system prior the date on which it was signed.
[7] State Rec., Vol. 3 of 4, Order dated October 8, 2014.
[8] State v. Peterson, No. 2014 KW 1645 (La. App. Jan. 12, 2015); State Rec., Vol. 3 of 4.
[9] State ex rel. Peterson v. State, 181 So.3d 694 (La. 2015); State Rec., Vol. 3 of 4.
[10] Rec. Doc. 1. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Because petitioner signed his application on January 6, 2016, see Rec. Doc. 1, p. 9, it must have been given to prison officials for mailing on or after that date.
[11] Rec. Doc. 8.

underlying state criminal judgment became "final." 28 U.S.C. § 2244(d)(1)(A).[12] For AEDPA purposes, the state criminal judgment consists of the conviction and the sentence, and the criminal judgment is therefore not considered "final" until both the conviction and the sentence are final. See Burton v. Stewart, 549 U.S. 147, 156-57 (2007); Scott v. Hubert, 635 F.3d 659, 665-67 (5th Cir. 2011).

With respect to determining the date of finality, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). *However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires." Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).*
> *Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. See Foreman, 383 F.3d at 338-39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. See Causey v. Cain, 450 F.3d 601, 606 (5th Cir. 2006); Roberts, 319 F.3d at 693. Louisiana Supreme Court Rule X, § 5(a) states that an application "to review a judgment of the court of appeal either after an appeal to that court ... or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal."*

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008) (emphasis added).

---

[12] Although 28 U.S.C. § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

As noted, the Louisiana First Circuit Court of Appeal affirmed petitioner's conviction, habitual offender adjudication, and sentence on September 16, 2013;[13] therefore, his state criminal judgment became final for AEDPA purposes thirty days later on October 16, 2013. His federal limitations period then expired one later, unless that deadline was extended through tolling.

The Court first considers statutory tolling. Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

After three hundred thirty-three (333) days elapsed, petitioner tolled his federal limitations period by filing a post-conviction application with the state district court on September 15, 2014. Tolling then continued uninterrupted for the duration of the post-conviction proceedings, so long as he sought supervisory review in a timely manner. Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 769-71 (5th Cir. 2004). Here, the state concedes that petitioner's related appellate court filings were timely and that tolling continued until the Louisiana Supreme Court denied relief November 6, 2015.[14]

When the limitations period then resumed running at that point, petitioner had only thirty-two (32) days remaining. Accordingly, he had only until December 8, 2015, either to again toll the limitations period or to file his federal application.

---

[13] State v. Peterson, No. 2011 KA 2292-R, 2013 WL 5230721 (La. App. 1st Cir. Sept. 16, 2013); State Rec., Vol. 2 of 4.

[14] A petitioner receives no additional tolling credit for the period during which he could have sought review by the United States Supreme Court with respect to the denial of post-conviction relief. Lawrence v. Florida, 549 U.S. 327, 332 (2007); Ott v. Johnson, 192 F.3d 510, 512-13 (5th Cir. 1999).

Petitioner filed no other applications for "State post-conviction or other collateral review." Therefore, he clearly is not entitled to further *statutory* tolling.

The Court must next consider *equitable* tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotation marks omitted); accord Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Lastly, the Court also notes that the United States Supreme Court has held: "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). That said, the Supreme Court took care to note: "We caution, however, that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. at 1928 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). Here,

petitioner does not invoke McQuiggin and, in any event, he has not made colorable showing that he is actually innocent in light of "new evidence."

Because petitioner is not entitled to further statutory tolling, and because he has not established that he is eligible for equitable tolling or that the McQuiggin "actual innocence" exception applies, his federal application for *habeas corpus* relief had to be filed no later than December 8, 2015, in order to be timely. His federal application was not filed until January 6, 2016, and, therefore, it is untimely.[15]

## RECOMMENDATION

It is therefore **RECOMMENDED** that the federal application for habeas corpus relief filed by Ron Peterson be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

---

[15] Although petitioner's application was filed only a little more than a month past the deadline, "the magnitude of [a petitioner's] tardiness" simply is not a proper consideration in determining the timeliness of a federal habeas application. Lookingbill v. Cockrell, 293 F.3d 256, 264 (5th Cir.2002). As the United States Fifth Circuit Court of Appeals has explained:

> At the margins, all statutes of limitations and filing deadlines appear arbitrary. AEDPA relies on precise filing deadlines to trigger specific accrual and tolling provisions. Adjusting the deadlines by only a few days in both state and federal courts would make navigating AEDPA's timetable impossible. Such laxity would reduce predictability and would prevent us from treating the similarly situated equally. We consistently have denied tolling even where the petition was only a few days late.

Id. at 264–65 (footnote omitted).

result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[16]

New Orleans, Louisiana, this nineteenth day of April, 2016.

*[signature]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[16] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.